IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SURONNA LEIGH MCALISTER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV–22–152–JAR |
| ) | |
| KILO KIJAKAZI, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Suronna Leigh McAlister (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is **REVERSED** and the case is **REMANDED** for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if [her] physical or mental impairment or impairments are of such severity that [she] is not only

unable to do her previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

## Claimant's Background

The claimant was forty-eight years old at the time of the administrative hearing. (Tr. 15, 106). She possesses at least a high school education. (Tr. 31). She has worked as a funeral home manger and funeral attendant. (Tr. 31). Claimant alleges that she has been unable to work since August 1, 2017, due to limitations resulting from depression, anxiety, bipolar disorder, PTSD, diabetes, congestive heart failure, obesity, and headaches. (Tr. 107).

## Procedural History

On June 3, 2019, Claimant protectively filed for disability insurance benefits pursuant to Title II (42 U.S.C. § 401, et seq.) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After an administrative hearing, Administrative Law Judge Edward Starr ("ALJ") issued an unfavorable decision on November 2, 2020. The Appeals Council remanded the case back to ALJ Starr on review. After a second administrative hearing, Administrative Law Judge Edward Starr again issued an unfavorable decision on October 27, 2021. Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform sedentary work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) improperly considering Claimant's RFC, (2) improperly evaluating the medical opinion evidence, (3) improperly considering the consistency of Claimant's subjective complaints, and (4) failing to include all of Claimant's limitations in the RFC and the hypothetical questioning of the vocational expert at step five

**Consideration of Medical Opinions**

In his decision, the ALJ determined Claimant suffered from the severe impairments of diabetes mellitus, obesity, heart disease, hypertension, bipolar disorder, depression, anxiety, and trauma-related disorder. (Tr. 17). The ALJ concluded that Claimant retained the RFC to perform sedentary work. Specifically, the ALJ found that Claimant can only perform work involving simple, routine, and repetitive tasks. Although Claimant can interact appropriately with supervisors and co-workers for incidental work purposes, she should not interact with the general public. Claimant can adapt to a work setting that does not involve frequent or rapid changes and to occasional changes in a work environment, where work demands are generally stable. (Tr. 20).

After consultation with a vocational expert, the ALJ found that Claimant could perform the representative jobs of document preparer, addresser, and machine stuffer. (Tr. 32). As a result, the ALJ found Claimant was not under a disability from August 1, 2017, through the date of the decision. (Tr. 32).

Claimant contends that the ALJ did not properly discuss and consider the medical evidence of Dr. Horton. Particularly, Claimant argues that although the ALJ found Dr. Horton to be persuasive he did not include all the limitations found in her report. For claims filed on or after March 27, 2017, medical opinions are evaluated pursuant to 20 C.F.R. §§ 404.1520c and 416.920c. Under these rules, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ evaluates the persuasiveness of all medical opinions and prior administrative medical findings by considering a list of factors. *See* 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors are: (i) supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements.") 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Generally, the ALJ is not required to explain how the

other factors were considered. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, when the ALJ finds that two or more medical opinions or prior administrative findings on the same issue are equally well-supported and consistent with the record but are not exactly the same, the ALJ must explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

Supportability and consistency are the most important factors in evaluating the persuasiveness of a medical opinion and the ALJ must explain how both factors were considered. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The supportability factor examines how well a medical source supported their own opinion with "objective medical evidence" and "supporting explanations." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The consistency factor calls for a comparison between the medical opinion and "the evidence from other medical sources and nonmedical sources" in the record. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

An ALJ continues to have the duty to evaluate every medical opinion in the record regardless of its source. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). He may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004); *see also Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (finding an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability"). If he rejects an opinion

6

completely, the ALJ must give "specific, legitimate reasons" for doing so. *Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations omitted).

In his opinion, the ALJ adequately noted the limitations and findings of consultative examiner Dr. Teresa Horton. The ALJ reiterated the following conclusions from her report: Claimant is capable of understanding, remembering, and managing many simple and complex instructions and tasks, has problems with adjusting to change, has difficulty managing stress/coping, and does not adjust to areas that are fast paced or densely populated. (Tr. 30, Tr. 750). He additionally reiterated Dr. Horton's finding that Claimant's symptoms might interfere generally with socialization despite her ability to effectively communicate and interfere with a level of motivation and initiative that interferes with task completion. (Tr. 30, Tr. 750). Given these limitation and other evidence from her report, the ALJ found Dr. Horton to be persuasive. However, the ALJ failed to include all of the limitations in the Claimant's RFC, only including limitations relating to changes in a work environment and socialization. Clearly, the ALJ picked his way through Dr. Horton's report accepting only portions of her conclusions despite his assertion that he found her to be "persuasive." If the ALJ concluded that portions of Dr. Horton's report were unpersuasive, then he must state that in his opinion giving specific legitimate reasons for his rejection. This Court will not draw any conclusions which are not clearly articulated in the ALJ's opinion. On remand, the ALJ should reconsider his evaluation of consultative examiner, Dr. Horton, providing specific, legitimate reasons for rejecting the medical opinion evidence or

7

otherwise making a clear delineation between the conclusions he accepts and those he finds are unsupported

Given that this Court is reversing on the ALJ's improper consideration of the medical opinion evidence, it need not address the additional arguments at this time. However, on remand after conforming the consideration of the medical opinion evidence to applicable standards, the ALJ shall re-evaluate his step four and five analysis in accordance with any changes to his RFC determination.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge finds for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case be **REMANDED** for further proceedings.

**DATED** this 29th day of September, 2023.

_____
**JASON A. ROBERTSON**
**UNITED STATES MAGISTRATE JUDGE**